# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

ROGER R. PERRY,          )
                                     )
                Petitioner,     )
       v.                       )   Civil Action
                                     )   No. 08-3397-CV-S-RED-H
MARTY ANDERSON,  Warden,    )
United States Medical Center     )
for Federal Prisoners,          )
Springfield, Missouri, et al.,    )
                                     )
                Respondent.     )

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that the Bureau of Prisons ["BOP"] has abused its discretion by denying him a compassionate release. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). For the reasons set forth herein, it will be recommended that petitioner be granted leave to proceed in forma pauperis, and that the petition for writ of habeas corpus be granted in part.

After a Show Cause Order, a response was filed. Subsequently, petitioner filed a traverse in which he reiterated the allegations of his original petition. Thereafter, petitioner filed a Report to the Court, which included a Special Progress Note from BOP staff physician Dr. Thomas E. Hare. The report was dated February 9, 2009, and was signed by Dr. Hare on February 18, 2009. In the Special Progress Note, Dr. Hare stated that petitioner's "condition is very tenuous. He requires a wheelchair and is unable to ambulate for more than ten to twenty steps. He requires oxygen supplementation frequently." [Petitioner's Exhibit A]. Dr. Hare also stated that petitioner "is less

than an ideal candidate for continued incarceration because of his many health problems. It is certainly possible that in the next twelve months, the patient will pass away, if nothing more than from old age." [Exh. A].

Petitioner is an 83-year old inmate who suffers from Paget's Disease and chronic obstructive pulmonary disease, secondary to asbestosis, which requires continuous oxygen supplementation. He requires morphine twice daily for pain, and also has a history of hypertension, type 2 diabetes, peptic ulcer disease, and a history of benign prostatic hypertrophy. [Exh. A].

A review of the record indicates that petitioner's request for compassionate release was denied in part by the Warden at the Medical Center because no physician had evidence that his life expectancy was jeopardized or could declare that it was less than one year. [Respondent's Exhibit 2, at 5]. At the Regional Level, a medical evaluation conducted on May 29, 2008, was relied upon to conclude that petitioner's condition was stable, and that he continued to remain ambulatory with a walker. It was determined that a compassionate release would not be pursued due to petitioner's "indeterminate life expectancy." [Exhibit 2, at 6]. At the National Level, petitioner's appeal was denied, based in part on the conclusion that he was ambulatory, independent in his daily living activities, and his life expectancy was indeterminate.

Based on the report from Dr. Hare, dated February 18, 2009, it appears that petitioner's condition may have deteriorated, he may no longer be ambulatory and/or stable, and his life expectancy may be less than one year. The Special Progress Note is ambiguous, however, on the question of life expectancy. The Court finds, therefore, that in the interests of justice, it should be recommended that petitioner be reevaluated by a treating physician at the Medical Center regarding his current medical condition and his life expectancy. Thereafter, the Warden should reassess petitioner's request for a compassionate release, exercising his discretion as deemed appropriate in

this case.

For good cause shown, it is therefore

RECOMMENDED that petitioner be granted leave to proceed in forma pauperis; it is further

RECOMMENDED that the petition for writ of habeas corpus be granted in part, and that respondent be directed to have petitioner reevaluated by a treating physician. Thereafter, the Warden should reassess petitioner's request for a compassionate release, within his discretion as deemed appropriate.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date:  3/27/09